WEBSTER v. OLIVER DITSON CO. et al.

(Circuit Court, D. Massachusetts. June 14, 1909.)

No. 285.

EQUITY (§ 429*)—DECREE FOR ACCOUNTING—POWER TO MODIFY.

A decree entered in a federal court in a suit for an accounting in pursuance of equity rule 19, following an order that the bill be taken pro confesso, except that it renders such order absolute, is interlocutory only, and may be modified by the court where it directs the account to be stated in a manner not authorized by the allegations of the bill.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 1027; Dec. Dig. § 429.*]

In Equity. On defendant's petition, filed May 22, 1909, for rectification of decree entered December 10, 1907.

J. W. Glennan and John M. Coleman, for complainant.
Alex. P. Browne and George K. Woodworth, for defendants.

DODGE, District Judge. The defendant company appeared, but filed no demurrer, plea, or answer, and an order that the bill be taken pro confesso was entered September 16, 1907. On December 10, 1907, the court proceeded to a decree in pursuance of equity rule 19. The order and the decree referred to were both entered after notice to the defendant and without objection on its part. The proper scope and effect of this decree was to render absolute the taking of the bill pro confesso, but it was a final decree in no other sense. The power of the court to let the defendant demur, plead, or answer expired with the term, as the rule provides; but it does not follow that the complainant then became entitled as of course to a final decree, or to any decree, according to the prayer of her bill. What ought to be decreed, in view of the allegations of the bill taken as confessed, was still a question to be passed upon by the court, and a question upon which a defendant, being properly before the court, had a right to be heard. Thomson v. Wooster, 114 U. S. 104, 5 Sup. Ct. 788, 29 L. Ed. 105. The bill prayed for an account, and to an account the plaintiff was no doubt entitled; but before the master she had still to prove what was due her, and the defendant had the same right to contest her claim there made as if it had answered her bill. Langdell, Equity Pleading, § 84.

To the decree entered December 10, 1907, that the bill be finally taken pro confesso, was added the following clause:

"And that the defendant Oliver Ditson Company be required to account to the plaintiff in the manner prayed for in the bill."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Thereafter, on January 24, 1908, an order was entered appointing a master to state the account between the parties and directing him to ascertain (1) the principal sum now due the complainant by the defendant; (2) the amount of interest due by the defendant to the complainant; (3) the amount that the defendant has paid the complainant, stating the dates of payment. The accounting has since proceeded before the master.

The defendant now submits to the court, having apparently discovered the fact for the first time in the progress of the accounting, that the manner of accounting for which the bill prays is not warranted by the allegations which the bill makes. If this is true, it ought, indeed, to have been called to the attention of the court on December 10, 1907, in order that the last clause of the decree then entered might have been differently worded. But I see no reason to believe that it is now too late to vary the provisions of the clause in question, if that is necessary in order to make it direct only what it should have directed with regard to the accounting. Since the clause has nothing to do with making absolute the taking of the bill pro confesso, it is not governed by those provisions of rule 19 which apply to the remainder of the decree. I think it may be doubted whether this clause ought not, instead of being included in the decree entered December 10th, to have constituted or to have formed part of a distinct order of the court, relating only to the accounting. Such a decree would clearly have been interlocutory in every sense, and might have been modified by the court before final decree, at any term, if necessary to accomplish justice.

I have no doubt that the defendant is right in its contention regarding prayer 4 of the bill:

"That the defendants be required to account for and pay to your complainant * * * the sum of three cents per copy * * * for all copies, or any part or portions, of the Signet Ring that may have been printed, published, sold, or disposed of * * * by any persons under their license or permission, or persons acting in trust for them."

To ask for this is to ask for something not warranted by any allegation to be found in the bill. Such persons are nowhere alleged to have agreed to pay or to have paid the defendant three cents per copy for all copies sold under the defendant's license or permission. Nothing more is alleged than that they have paid the defendant "certain sums" for such license or permission, and that the defendant has failed to account to the complainant for the amounts thus received. Whether any amounts have been so received, and what amounts, if any, and to what extent the defendant has failed to account for such amounts, if to any extent, are clearly the proper inquiries for the Master upon this branch of the case. A report from him, showing that he has done no more than ascertain the number of copies sold by persons other than the defendant under its license or permission and calculate the amount due from the defendant in respect of them at three cents per copy, would have to be recommitted before a proper final decree could be entered in the case. The complainant could not be allowed to recover, merely because of the clause above referred to in the decree of

December 10, 1907, an amount which may well be more than she is entitled to receive upon her own showing.

I think that the decree of December 10th ought to be modified in substance as prayed for by the defendant. The exact provision, regarding the accounting which are to be substituted for the last clause of that decree, and the terms upon which the modification is to be ordered, unless agreed to by the parties, may be settled hereafter.